IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL SOPHEAP, | : | |
| | : | |
|     Petitioner | : | |
| | : | |
|     v. | : | CIVIL NO. 4:CV-14-75 |
| | : | |
| SUPT. JOHN KERESTES, | : | (Judge Brann) |
| | : | |
|     Respondent | : | |

## **MEMORANDUM**

April 21, 2015

**Background**

Mel Sopheap filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy). Named as Respondent is SCI-Mahanoy Superintendent John Kerestes. Service of the petition was previously ordered.

Petitioner states that he entered a guilty plea to criminal charges in the Court of Common Pleas of Philadelphia County on August 7, 2012. See Doc. 1, ¶ 2. As a result of his plea, Sopheap was sentenced that same day to serve a 1 ½ to 3 year term of imprisonment. See id. at ¶ ¶ 2-3. The present action does not challenge the legality of Petitioner's plea or sentence.

1

Rather, Sopheap claims entitlement to federal habeas corpus relief on the grounds that the Pennsylvania Board of Probation and Parole (Parole Board) violated his substantive due process rights when denying his initial parole application on November 9, 2013.  See id., ¶ 12.  Petitioner notes that he did not pursue his present claim in Pennsylvania state court because there is no state court remedy for parole denial.[1]  As relief, Petitioner seeks his immediate release on parole.

In an accompanying supporting memorandum, Sopheap argues that the Parole Board acted in an arbitrary and capricious manner because he satisfied all the requirements for obtaining parole and had been given a favorable institutional recommendation.  See  Doc. 1-1, p. 1.  Moreover, the adverse parole decision was allegedly based upon non-legitimate factors, vindictiveness,  and inaccurate facts.

Respondent's response provides that Petitioner's minimum sentence expired on February 1, 2014 and his maximum sentence expires on August 1, 2015.  See Doc. 7, p. 2.  The Respondent adds that the November 9, 2013 discretionary decision denying parole was based upon appropriate criteria and did not violate

---

[1] Sopheap does acknowledges that at the time this matter was initiated he did have an action pending before the Court of Common Pleas of Philadelphia County seeking sentence credit for all time spent confined.

any of the Petitioner's due process rights. It was also noted that Petitioner was to be reconsidered for release on parole during October 2014. See id.

**Discussion**

Habeas corpus review "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Sopheap's claim of improper denial of parole, if proven, would impact the length of his imprisonment, this matter was properly raised via a habeas corpus petition.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the

defendant.  Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. Feb. 18, 2009).  in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Id.  However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id.  See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

Sopheap seek habeas corpus relief on the grounds that he was improperly

denied parole. However, Petitioner also noted that he had an action pending in the Court of Common Pleas of Philadelphia County which could also conceivably favorably impact the length of his present confinement.

In addition, Respondent's response indicates that Petitioner was to be reconsidered for parole release during October, 2014. Since the outcome of those two proceedings is unknown, this Court conducted a computerized data base search the electronic inmate locator database maintained by the Pennsylvania Department of Corrections[2] and the Pennsylvania Statewide Automated Victim Information & Notification (SAVIN) website[3] and discovered that Petitioner has been paroled from DOC custody.

The Supreme Court in <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."

---

[2] <u>See</u> www.cor.pa.gov.

[3] <u>See</u> www.vinelink.com

Id. at 18. See also United States v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002) (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); Lane v. Williams, 455 U.S. 624, 632-34 (1982); Hagwood v. Grondolsky, 2009 WL 455499 *2 (D.N.J. Feb. 19, 2009)(a federal inmate's challenge to the reversal of a decision to place him on home confinement became moot once he was placed on home confinement).

It appears that Petitioner has been afforded the release sought in this action, i.e, his release on parole and he has not shown that he is suffering any collateral consequences as required under Spencer Johnson, and Kissinger stemming from the alleged initial failure of state officials to grant him parole. As noted in Hagwood, the type of habeas corpus claim asserted herein is mooted once an inmate is released from imprisonment.

Since Sopheap has been granted parole from state custody, under the principles set forth in Steffel, his claim of being improperly denied parole is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.[4]

---

[4] In the event that Petitioner has not been granted parole, he may file a motion seeking reconsideration of this decision within fourteen (14) days of the date of this

                BY THE COURT:

                <u>  s/   Matthew W. Brann     </u>
                Matthew W. Brann
                United States District Judge

---

Memorandum.